**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**United States of America**

      **v.**                         Criminal No. 3:07-cr-414-PJB

**Edwin Colon Rodriguez**

**MEMORANDUM AND ORDER**

Edwin Colon Rodriguez has been charged with one count of embezzlement from a federal campaign in violation of 2 U.S.C. 439(a) and nine counts of wire fraud in violation of 18 USC § 1343 and 1346.[1]  Colon Rodriguez has filed a motion to dismiss the wire fraud counts.

## I.  BACKGROUND

The wire fraud charges concern actions that Colon Rodriguez allegedly undertook in his capacity as the Assistant Treasurer and Custodian of Records for the "Comité Acevedo Vila Comisionado 2000, Inc." (the "Campaign Committee").  Colon Rodriguez was allegedly responsible for receiving donation checks for the

---

[1]  The remaining counts in the 27-count Indictment were dismissed at the government's request.

Campaign Committee, inputting information concerning donations into a computerized database, and preparing draft contribution and expenditure reports that were ultimately filed with the Federal Election Commission ("FEC").  Colon Rodriguez was also a signatory on the Campaign Committee's bank account and was issued an Automated Teller Machine ("ATM") card for the account.

According to the Indictment, Colon Rodriguez misused his position as assistant treasurer to embezzle funds from the Campaign Committee's bank account and to conceal the embezzlement by causing false expenditure reports to be electronically filed with the FEC.  Each of the nine counts of wire fraud is based on the electronic filing of a separate expenditure report.

## II.  **STANDARD OF REVIEW**

When considering a motion to dismiss an indictment, the court, considering the indictment as a whole, "treats the allegations as true and construes all facts in a light most favorable to the government." United States v. Burger, 773 F. Supp. 1430, 1433 (D. Kan. 1991).  "A court should exercise its authority to dismiss cautiously, since to dismiss an indictment 'directly encroaches upon the fundamental role of the grand

-2-

jury.'" <u>United States v. Thomas</u>, 519 F. Supp. 2d 141, 143-44 (D.
Me. 2007) (quoting <u>Whitehouse v. U. S. Dist. Court</u>, 53 F.3d 1349,
1360 (1st Cir. 1995)).  The requirements of an indictment are
simple and few:  it must set forth the elements of the offense
charged, alert the defendant to what he is facing, and show "the
defendant to what extent he may plead double jeopardy." <u>Burger</u>,
773 F.Supp. at 1436.  If those requirements are met, then "an
indictment, valid on its face, returned by a legally constituted
grand jury, calls for a trial on the merits." <u>United States v.</u>
<u>Rodriguez</u>, 738 F.2d 13, 16 (1st Cir. 1984).

### III.  <u>ANALYSIS</u>

    The wire fraud statute makes it unlawful for any person,
"having devised or intending to devise any scheme or artifice to
defraud," to use interstate wires such as telephone lines or the
internet for the purpose of executing the fraud scheme.  18
U.S.C. § 1343.  After the U.S. Supreme Court held in <u>McNally v.</u>
<u>United States</u>, that the wire fraud statute protects only "money
or property," 483 U.S. 350, 359-61 (1987), Congress expanded the
statute to encompass "a scheme or artifice to deprive another of
the intangible right of honest services," 18 U.S.C. § 1346.  The

wire fraud charges against Colon Rodriguez allege that he is guilty of wire fraud because he deprived the Campaign Committee of its right to his honest services when he misused his position as assistant treasurer to embezzle funds from the Committee and conceal the embezzlement by causing false expenditure reports to be filed with the FEC.

Colon Rodriguez offers three arguments to support his motion to dismiss.  First, he argues that the Campaign Committee did not have a right to his honest services because he was a volunteer rather than a paid employee.  Next, he argues that the charges are deficient because they do not expressly allege that he was a "fiduciary."  Finally, he contends that he cannot be charged with wire fraud based on the filing of false FEC reports because he served only as the Campaign Committee's assistant treasurer and FEC regulations specify that it is the treasurer who is responsible for filing FEC reports.  None of these arguments have merit.

Colon Rodriguez cites no case for the proposition that honest services wire fraud charges may only be brought against employees, and I have found no support for this contention during my own research.  Instead, I agree with the U.S. Court of Appeals

for the Second Circuit, which has concluded on this issue that "[a]lthough the bulk of the pre-*McNally* honest-services cases involved employees, we see no reason the principle they establish would not apply to other persons who assume a legal duty of loyalty comparable to that owed by an officer or employee to a private entity." United States v. Rybicki, 354 F.3d 124, 142 n.17 (2d Cir. 2003).

In this case, the Indictment alleges that Colon Rodriguez served as the Assistant Treasurer and Custodian of the Records for the Campaign Committee, that he was entrusted with discretionary authority to withdraw funds from the Committee's bank accounts, and that he was responsible for preparing drafts of the reports that the Committee was required to file with the FEC.  These allegations, if true, are sufficient to demonstrate that Colon Rodriguez owed the Campaign Committee a duty of loyalty that barred him from using campaign funds for personal purposes.  The charged scheme to embezzle Campaign Committee funds and conceal the embezzlement by the filing of false reports is thus a scheme to deprive the Campaign Committee of its right to Colon Rodriguez's honest services regardless of whether he was an employee or a volunteer.

Colon Rodriguez's second argument fares no better.  While I recognize that a person cannot be guilty of honest services wire fraud unless he has exploited the kind of legally cognizable duty of loyalty that ordinarily exists between an agent and principal, there is nothing in the text of the wire fraud statute that requires the word "fiduciary" to appear in the indictment.  In this case, there can be no doubt that the duty of loyalty that the Campaign Committee's assistant treasurer owes to the Committee includes the duty to refrain from embezzlement.  Thus, the Indictment sufficiently alleges the Campaign Committee had a right to Colon Rodriguez's honest services, and there is no need for the Indictment to explicitly state that Colon Rodriguez was a fiduciary.

Colon Rodriguez's final contention is a red herring. Regardless of whether or not Colon Rodriguez was ultimately responsible for filing expenditure reports with the FEC, he owed a duty of loyalty to the Campaign Committee to refrain from embezzlement. If the charges are true, he breached that duty by embezzling from the Campaign Committee's bank account and using his authority as assistant treasurer to conceal the embezzlement. It simply does not matter to these charges that FEC regulations

require the Campaign Committee's treasurer to file reports with the FEC.

## IV. **CONCLUSION**

For the reasons set forth above, Defendant Colon Rodriguez's motion to dismiss (Doc. No. 34) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge
District of New Hampshire
Sitting by Designation

December 9, 2008

cc:  Counsel of Record